UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Paul Leslie Cox, # 75206, ) | C/A No. 8:13-2550-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | **of** |
| United States; ) | **Magistrate Judge** |
| State of South Carolina, ) | |
| ) | |
| Defendants. ) | |

**BACKGROUND OF THE CASE**

Plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections. In the above-captioned case, Plaintiff has brought suit against the United States of America and the State of South Carolina.

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that this civil rights action arises out of Plaintiff's challenges to state and federal statutes of limitations with respect to post-conviction cases and habeas corpus actions. Plaintiff alleges or contends: (1) the one-year statutes of limitations set forth in S.C. Code Ann. § 17-27-45(A) and 28 U.S.C. § 2244(d) are unconstitutional; (2) Defendants deprived Plaintiff of a right secured by the Constitution under color of state law, regulations, custom, or usages; (3) Plaintiff has been denied his freedom with respect to his conviction entered on April 16, 1987, because of the one-year statute of limitations; (4) no time bar or statute of limitations can deny a United States citizen freedom from an illegal conviction; (5)

Defendants have violated the Anti-Peonage Act and the Thirteenth Amendment; and (6) Plaintiff is entitled to a hearing to determine whether 28 U.S.C. § 2244(d) and S.C. Code Ann. § 17-27-45(A) are constitutional [Doc. 1 at 3–7]. In his prayer for relief, Plaintiff requested that he be granted a "FULL PCR AND 2254" and be allowed to file a successive application for post-conviction relief and a successive Section 2254 petition [*Id.* at 8].

## DISCUSSION

**Standard of Review for Pro Se Complaints**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a

federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Requirements for a Cause of Action Under Section 1983 or *Bivens* Doctrine**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any

3

> rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Hartman v. Moore*, 547 U.S. 250, 255 n. 2 (2006); and *Starling v. United States*, 664 F. Supp. 2d 558, 561 (D.S.C. 2009) ("*Bivens* allows an action against federal employees for violations of constitutionally protected rights.

A *Bivens* action is the federal analog to a claim brought against state officials under 42 U.S.C. § 1983.").

**Plaintiff Fails to State a Claim under § 1983**

*Thirteenth Amendment not applicable*

In the Complaint, Plaintiff asserts that his prison sentence constitutes involuntary servitude under the Thirteenth Amendment to the United States Constitution. The Thirteenth Amendment to the United States Constitution states:

> Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the Unites States or any place subject to their jurisdiction.

U.S. Const. amend. XIII. Thus, by its own language, the Thirteenth Amendment does not apply to a prisoner serving a sentence for a criminal conviction. Hence, Plaintiff's claim of involuntary servitude is subject to summary dismissal as frivolous. *See Newell v. Davis*, 563 F.2d 123, 124 (4th Cir. 1977) ("The District Court did not address the claim under the Thirteenth Amendment, perhaps because it was so obviously without merit."); and *Cox v. Ozmint*, Civil Action No. 3:12-225-TMC-JRM, 2012 WL 1415181, at *2 (D.S.C. Mar. 19, 2012) (rejecting Thirteenth Amendment claim in prior case filed by Plaintiff), *adopted by* 2012 WL 1415149 (D.S.C. Apr. 24, 2012). Because Plaintiff does not allege a violation of a constitutional right, his § 1983 claim fails.

**Both Habeas and Post-Conviction Statutes of Limitations Constitutional**

It is not necessary for this Court to hold a hearing on the constitutionality of 28 U.S.C. § 2244(d) because the Supreme Court of the United States and the United States Court of Appeals for the Fourth Circuit have upheld the constitutionality of the statute. *See*

*Felker v. Turpin*, 518 U.S. 651, 663–65 (1996) (AEDPA is constitutional and does not represent a suspension of writ of habeas corpus); *and Brown v. Angelone*, 150 F.3d 370, 373–76 (4th Cir. 1998) (petitioners whose convictions became final prior to the enactment of the AEDPA shall have one year from the date of enactment to file a habeas petition). Also, the Supreme Court of South Carolina has upheld the constitutionality of S.C. Code Ann. § 17-27-45(A). *See Peloquin v. State*, 321 S.C. 468, 469 S.E.2d 606, 607 (1996) ("Accordingly, in our opinion, all those convicted prior to the effective date of the statute should be allowed one year after its effective date to file an application."). As a result, Plaintiff had one year to file a post-conviction case or habeas corpus action after the enactments of statutes of limitations by the General Assembly of South Carolina and the Congress of the United States.

**Plaintiff's Complaint barred by *Heck v. Humphrey***

Plaintiff's Complaint concerns matters pertaining to his conviction and sentence for kidnapping. However, until the Plaintiff's conviction is set aside, any non-habeas civil action based on the conviction and related matters will be barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487; *see also Poston v. Shappert*, No. 06-8052, 222 Fed.Appx. 301, 2007 WL 1031695 (4th Cir. Mar. 30, 2007) (claims brought pursuant to § 1983 challenging underlying criminal conviction are barred by *Heck*). Plaintiff has neither alleged nor

6

demonstrated that his underlying conviction or sentence has been invalidated; thus, this action is barred by *Heck*. *Mills v. Greenville County*, 586 F. Supp. 2d 480, 489–90 (D.S.C. 2008).

**Eleventh Amendment Immunity for State of South Carolina**

The Eleventh Amendment prevents a federal court from entertaining a suit brought by a citizen against his own state, *Hans v. Louisiana*, 134 U.S. 1 (1890), or against an instrumentality of the state considered an "arm of the State[.]" *Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 430 (1997). Similarly, this action cannot be brought in federal court because of the Eleventh Amendment. *See Morstad v. Dept. of Corr. and Rehab.*, 147 F.3d 741, 744 (8th Cir.1998) ("absent a waiver, the Eleventh Amendment immunizes the state and its officials acting in their official capacities from § 1983 liability"). Furthermore, the doctrine of respondeat superior (or supervisory liability) generally is inapplicable to § 1983 suits. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142–43 (4th Cir. 1982), *abrogated on other grounds by Cnty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991). Accordingly, Plaintiff's complaint is barred by the Eleventh Amendment.

**United States of America Immune from Suit**

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Moreover, a *Bivens* action may not be brought against the United States and other federal governmental agencies or entities. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies).

**Plaintiff's Remedy lies in habeas corpus**

Although Plaintiff seeks leave to file successive post-conviction and habeas corpus actions, he is, in effect, seeking release from prison. Plaintiff cannot obtain his "freedom" or release from prison in this civil rights action. *See Heck v. Humphrey*, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); and *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

Since Plaintiff has had a Section 2254 action adjudicated on the merits with respect to his conviction for kidnapping entered in the Court of General Sessions for Spartanburg County on April 16, 1987, *see Cox v. Warden, Lieber Correctional Inst.*, Civil Action No. 3:10-3239-HFF-JRM, 2011 WL 1362289 (D.S.C. Apr. 11, 2011), he must seek leave to file a successive habeas corpus petition. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."); and *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court under the standard established in section 2244(b)(3)(C).").

Before Plaintiff attempts to file another petition in the United States District Court for the District of South Carolina, he ***must*** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Plaintiff can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit (1100 East Main Street — Suite 501, Richmond, Virginia 23219). *See In re: Williams*, 330 F.3d 277, 283 (4th Cir. 2003). The form is entitled "Motion under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief under 28 U.S.C. §§ 2254 or 2255."

**Plaintiff is "struck out."**

Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act. The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A federal court may take judicial notice of its own records. *See, e.g., Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). It can be judicially noticed that Plaintiff has filed three prior cases in this Court, which have been dismissed *with prejudice*, as frivolous, and deemed "strikes" under § 1915(g). *See Cox v. U.S. Att'y Gen., et al.*, Civil Action No. 3:12-591-TMC, 2012 WL 1570093 (D.S.C. May 3, 2012); *Cox v. S.C.*

*Dep't of Corr. Dir. Jon E. Ozmint, et al.*, Civil Action No. 3:12-225-TMC, 2012 WL 1415149 (D.S.C. Apr. 24, 2012); and *Cox v. United States*, Civil Action No. 3:12-50-TMC, 2012 WL 1158861 (D.S.C. Apr. 9, 2012). In light of these "strikes" imposed in 2012, Plaintiff cannot proceed with the instant Complaint unless his claim satisfies the exception for imminent physical harm provided by the "three strikes" rule. See 28 U.S.C. § 1915(g); and *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010).

Moreover, the Court of Appeals has held that the "three strikes" provision of the Prison Litigation Reform Act is applicable with respect to "strikes" entered after its enactment on April 26, 1996. *See Altizer v. Deeds*, 191 F.3d 540, 545–47 (4th Cir. 1999); and *Cox v. United States*, Civil Action No. 3:12-52-TMC-JRM, 2012 WL 1570081, at *2 (D.S.C. Mar. 28, 2012) ("In this case, Plaintiff provides no facts to demonstrate that the three strikes rule was retroactively applied to any of his civil actions filed in federal court prior to the law's enactment. In addition, the enactment of the three strikes rule in no way increases Plaintiff's punishment for his current conviction. As such, Plaintiff's *ex post facto* argument is without merit and this case is subject to summary dismissal."), *adopted by* 2012 WL 1570075 (D.S.C. May 3, 2012), which was a prior case filed by Plaintiff.

The Complaint in the above-captioned case does not fit within the exception to proceed *in forma pauperis* as Plaintiff does not allege that he is in imminent danger of serious physical injury. Therefore, to proceed with this Complaint, Plaintiff must pay the full filing fee. Effective May 1, 2013, the Judicial Conference of the United States raised the filing fee for a civil case. The filing fee (set by the Congress and the Judicial

Conference of the United States) for a non-habeas civil action is now four hundred dollars ($400). As a result, Plaintiff must pay the full filing fee of four hundred dollars ($400).

## RECOMMENDATION

It is recommended that Plaintiff's motion to proceed *in forma pauperis* [Doc. 2] be DENIED. It is further recommended that Plaintiff be given twenty-one (21) days from the date the United States District Judge rules on this Report and Recommendation to pay the filing fee of four hundred dollars ($400) and that the Office of the Clerk of Court withhold entry of judgment until such time for payment expires. If Plaintiff fails to pay the filing fee within the specified time period, it is further recommended that the Complaint be dismissed *without prejudice* under the "three strikes" rule of 28 U.S.C. § 1915(g), and that the Clerk of Court enter the required final judgment at the close of the twenty-one-day period permitted for payment of the filing fee.

**Plaintiff's attention is directed to the Notice on the next page**.

                                              s/ Jacquelyn D. Austin
                                              United States Magistrate Judge

September 24, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).